UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00056-GNS

MARK SHANNON                                                                                   PLAINTIFF

v.

COMBE INCORPORATED et al.                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 18), Plaintiff's Motion for Default Judgment (DN 22), Plaintiff's Motion for Hearing and for Rule 16 Conference (DN 27), Plaintiff's Motion for Extension of Time (DN 28), and Defendant's Motion to Strike (DN 30). The motions are ripe for adjudication.

### I.     BACKGROUND

Plaintiff Mark Shannon ("Shannon") filed this action alleging personal injuries arising from the use of Just For Men® hair dye, which he contends was defective. (Am. Compl. 5-6, DN 11). Along with two other Defendants, Shannon has sued Defendants Combe Laboratories LLC (incorrectly named as Combe Laboratories Inc.) ("Combe Labs") and Combe International, LLC f/k/a/ Combe International Ltd. ("Combe International") (collectively "Moving Defendants"). (Am. Compl. 2-3).

Moving Defendants have moved to dismiss Shannon's claims due to lack of jurisdiction. (Defs.' Mot. Dismiss, DN 18). Shannon has moved for default judgment against all Defendants, for a Fed. R. Civ. P. 16 conference, and for additional time to conduct discovery. (Pl.'s Mot. Default J., DN 22; Pl.'s Mot. Rule 16 Conference, DN 27; Pl.'s Mot. Extension Time, DN 28).

1

## II.     DISCUSSION

### A.     Defendants' Motion to Dismiss

Moving Defendants seeks dismissal of Shannon's claims against them due to lack of personal jurisdiction. (Defs.' Mot. Dismiss 3-8). Under Fed. R. Civ. P. 12(b)(2), a litigant may challenge the Court's authority to entertain for an action for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Personal jurisdiction has two forms: general and specific. *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678-79 (6th Cir. 2012). Moving Defendants contend that the Court lacks either general or specific jurisdiction over them. (Defs.' Mot. Dismiss 3-8). Shannon has not responded to this motion.[1]

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving jurisdiction. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).

The only facts in the record regarding jurisdiction are provided by Moving Defendants through the affidavits of Stephen Thomas ("Thomas"), who is the Vice President and Plant Manager of Combe Labs, and Michele A. Tesbir ("Tesbir"), who is the Vice President, Chief

---

[1] LR 7.1 provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). "Failure to respond to a dispositive motion will be grounds for granting the motion." *Paulmann v. Hodgdon Powder Co.*, No. 3:13-CV-00021-CRS-DW, 2014 WL 4102354, at *1 (W.D. Ky. Aug. 18, 2014) (citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989)); *see also Directv, LLC v. Kuhn*, No. 5:14 CV 2657, 2016 WL 1244928, at *2 (N.D. Ohio Mar. 30, 2016) ("[A] district court's power to grant dispositive motions because they are unopposed is firmly settled."). Thus, because Shannon has failed to respond or otherwise oppose the motion to dismiss, dismissal would be warranted on this basis alone.

Financial Officer, and Treasurer of Combe International. (Thomas Aff. ¶ 2, DN 18-1; Tesbir Aff. ¶ 2, DN 18-2). The Court has reviewed this motion and is ruling based on the affidavits alone. *See Theunissen*, 935 F.2d at 1458 ("Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions. The court has discretion to select which method it will follow, and will only be reversed for abuse of that discretion." (internal citation omitted) (citing *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989))). "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id*. (citing *Serras*, 875 F.2d at 1214; *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir. 1988); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

1. ***General Jurisdiction***

General jurisdiction arises when a defendant has affiliations so "continuous and systematic" with a forum as to render it "essentially at home" there, thus allowing courts in that forum to exercise jurisdiction over any and all claims against it.[2] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted).

---

[2] As a sister court has explained:

> In the context of subject matter jurisdiction based on diversity, the citizenship of a limited liability corporation includes the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Yet, courts have found that the citizenship of a limited partnership's members is not relevant to personal jurisdiction analysis, as "[t]he concepts of subject-matter and personal jurisdiction . . . serve different purposes, and these purposes affect the legal character of the two requirements." *Tenn. Ins. Gaur. Ass'n v. Penguin*

3

Combe Labs is a limited liability company ("LLC") organized under Delaware law, and its principal place of business is in Illinois. (Thomas Aff. ¶ 4). Combe International is an LLC organized in Delaware, and its principal place of business is in New York. (Tesbir Aff. ¶ 4). Combe Labs has a manufacturing facility in Illinois, and Combe International owns only its principal place of business in New York without any employees, manufacturing facilities, or research facilities in the United States. (Thomas Aff. ¶ 5; Tesbir Aff. ¶¶ 6-7). Notably absent in the record is any fact showing that either entity is at home in Kentucky or that "their affiliations with [] [Kentucky] are so 'continuous and systematic' as to render them essentially at home in" Kentucky. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted) (quoting *Brown*, 564 U.S. at 919).

For these reasons, Shannon has failed to meet his burden of a *prima facie* showing of general jurisdiction over Moving Defendants.

### 2. *Specific Jurisdiction*

In contrast to general jurisdiction, specific jurisdiction arises from "minimum contacts" between a person and the forum, and permits the forum's courts to adjudicate "issues deriving from, or connected with," those particular contacts. *Brown*, 564 U.S. at 919 (citation omitted). In determining whether personal jurisdiction exists over a nonresident defendant, the Court must apply the law of the state in which it sits. *See Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Cohn*, 839 F.2d at 1167). Under Kentucky law,

---

*Random House, LLC*, 271 F. Supp. 3d 959, 966 (M.D. Tenn. 2017) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).

*Brewer v. All. Coal, LLC*, No. 20-41-DLB-EBA, 2021 WL 3057380, at *3 (E.D. Ky. July 20, 2021) (alteration in original). Thus, for purpose of the personal jurisdiction analysis, the Court is to treat an LLC like a corporate entity without consideration of the citizenship of the LLC's members.

jurisdiction over out-of-state defendants is governed by KRS 454.210. *In Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), the Kentucky Supreme Court explained that "[o]nly after the requirements of KRS 454.210 have been satisfied can it be said that personal jurisdiction over a non-resident extends to the outer limits permitted by federal due process." *Id*. at 57. It created a two-step process to apply proper long-arm jurisdiction:

> First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then in personam jurisdiction may not be exercised. When the initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

*Id*. The Kentucky Supreme Court continued, "[w]hile we believe it fair to say that these provisions should be liberally construed in favor of long-arm jurisdiction, their limits upon jurisdiction must be observed as defined." *Id*. at 56. Thus, this Court must first determine which long-arm statute provision applies before considering minimum contacts and purposeful availment. *See id*. "If, however, the defendant's activities do not fit into one of the statute's enumerated categories, 'then in personam jurisdiction may not be exercised,' and the inquiry ends." *Cmty. Ass'n of Underwriters of Am., Inc. v. TTI Consumer Power Tools, Inc.*, No. 3:23-CV-107-RGJ, 2023 WL 8851666, at *4 (W.D. Ky. Dec. 20, 2023) (citing *Beach*, 336 S.W.3d at 57).

> In relevant part KRS 454.210 provides:
>
> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
> 1. Transacting any business in this Commonwealth;
> 2. Contracting to supply services or goods in this Commonwealth;
> 3. Causing tortious injury by an act or omission in this Commonwealth;
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods

> used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth; [or]
> 5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth . . . .

KRS 454.210(2)(a)(1)-(5).[3] Shannon alleges that his injuries arise from an allegedly defective product that was sold with inadequate warnings. (Am. Compl. 5-6). He alleges that both Moving Defendants are a "Manufacturer/Distributor" of the product. (Am. Compl. 3).

As to Combe Labs, the record does not establish specific jurisdiction over this entity. It is not the manufacturer of the allegedly defective product. (Thomas Aff. ¶ 8). Combe Labs was not involved with "or made any decisions concerning the research, design, development, manufacture, testing, formulation, production, labeling, sale, distribution, marketing, or advertising" of the product. (Thomas Aff. ¶ 11). Likewise, Combe Labs had no involvement in creating the instructions or warning labels for the product, or designed its packaging. (Thomas Aff. ¶¶ 9-10). Combe Labs "does not perform any mixing or reformulation of any returned Just For Men® Products." (Thomas Aff. ¶ 12). Overall, there is an absence of any evidence as to Combe Labs' business activities in Kentucky or any effect of its business activities on this forum. Therefore, Shannon has not made a *prima facie* showing that any provision of the long-arm statute applies to Combe Labs, and this Court lacks specific jurisdiction over this entity.

The record also does not show that there is specific jurisdiction over Combe International. This entity "is principally an international holding and licensing company. It has

---

[3] In their motion, Moving Defendants do not cite the long-arm statute or address any of its specific provisions. Rather, they address the allegations in support of Shannon's claims. (Defs.' Mot. Dismiss 6-8).

the exclusive rights, title and interest in trademarks, inventions and know-how related to Combe Incorporated's products sold outside of the United States and Canada." (Tesbir Aff. ¶ 5). Like Combs Labs, Combe International is not and has not been involved with "or made any decisions relating to, product research, design, development, manufacture, testing, formulation, production, labeling, packaging, sale, promotion, or advertising of consumer products sold in the United States", including the allegedly defective product at issue in this case. (Tesbir Aff. ¶ 8). Thus, Shannon has not made a *prima facie* showing that the long-arm statute applies to Combe International, and this Court lacks specific jurisdiction over this entity.

For these reasons, the Court lacks personal jurisdiction over Moving Defendants, and their motion to dismiss is granted.

### B. Plaintiff's Motion for Default Judgment

Shannon moves for default judgment based on mistaken belief that all Defendants have failed to file an answer to the Amended Complaint by August 28, 2023. (Pl.'s Mot. Default J. 1-2). As the Court docket reflects, however, all Defendants filed the Answer by that deadline, and Moving Defendants also moved to dismiss the Amended Complaint on the same date. (Answer, DN 18; Defs.' Mot. Dismiss, DN 19). Accordingly, no Defendant has defaulted, and Shannon is not entitled to entry of default or default judgment against any Defendant. This motion is denied.

### C. Remaining Motions

In light of the Court's ruling on Moving Defendants' dispositive and Shannon's default judgment motions, it is necessary to reset the deadlines in this matter, and Shannon has specifically moved to amend the Scheduling Order, which will be granted. (Pl.'s Mot. Extension, DN 28). The other remaining pending motions will be denied as moot, and the Court will issue a separate amended Scheduling Order to reset the relevant deadlines in this case.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 18) is **GRANTED**, and Plaintiff's claims against Defendants Combe Laboratories LLC (incorrectly named as Combe Laboratories Inc.) and Combe International, LLC f/k/a/ Combe International Ltd. are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Default Judgment (DN 22) is **DENIED**.

3. Plaintiff's Motion for Extension of Time and for Rule 16 Conference (DN 28) is **GRANTED**. By separate order, the Court will issue an amended Scheduling Order resetting deadlines including discovery, and Defendant Combe Incorporated shall respond to Plaintiff's Request for Admissions (DN 30-1) within **30 days** of the entry of this Memorandum Opinion and Order.

4. Plaintiff's Motion for Hearing (DN 27) and Defendant's Motion to Strike (DN 30) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

February 5, 2024

cc: counsel of record
    Plaintiff, *pro se*